30426.  WILLIAMS *v.* THE STATE.

DECIDED APRIL 12, 1944.

*M. F. Stinchcomb,* for plaintiff in error.  *Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

MACINTYRE, J.  The only question presented is whether the evidence supports the conviction of the accused, Dan Williams, of soliciting for a prostitute, "for the purpose of lewdness, assignation, and prostitution."

A witness for the State testified, in part, as follows: "I went to the [DeSoto Hotel] for dates . . with men for the purpose of having sexual intercourse.  As to how I happened to go to the De-Soto Hotel, and knew there was someone there to see me—he [the defendant] called me . . and he followed me upstairs . . and then he brought up the register and I registered in the name of Frances Barnes . . I charged the men I went there to see, some $5, some $10, and some $15. . . I gave part of the money to Dan Williams. . . I had an agreement with him to give him $2 out of each $5."  The defendant's statement was as follows: "I worked at that hotel, and the main thing I did as porter around there was to wash the bathtubs and fire the furnace and all like that; but such a thing as having anything to do with those ladies— I didn't have anything to do with them.  That lady I remember being there in the morning when I came to work, and she asked me to call her a cab, and I did once or twice on Sunday morning.  She would go home, and I wouldn't see her any more.  I was working in the daytime in September and in December.  When Mr. Hause found me on the back steps, I was either headed to the furnace to fire it, or coming back up, and was not hiding in the house.. I didn't have anything to hide or run from.  Mr. Hause looked everywhere he could, up and down, for ladies, and I told him I

didn't know of any, and he said: 'There are a couple over there.' I said some soldiers had got a couple. He looked everywhere from the bottom to the top, and didn't find any ladies in there, as there were none to find; and as far as being connected with this lady— I didn't . . know her telephone number, or call her up, or nothing; and she didn't know my name unless somebody told her, because I never am familiar with the people around the hotel, but just wait on them and go on, like that; and I am not guilty, jury."

It would answer no good purpose to state more of the evidence. Our view of the case is that the evidence supports the verdict, and that the court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*